J. S64015/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TIAMAK McLEAN TAYLOR, | : | No. 629 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 10, 2015,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0004897-2014

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 06, 2015**

Tiamak McLean Taylor appeals from the judgment of sentence of

March 10, 2015, following his conviction of possession with intent to deliver

a controlled substance and paraphernalia.[1]  We affirm.

The trial court provided the following relevant facts:

> On the evening of August 1, 2014, patrol officer
> Daniel Antoni ("Officer Antoni") of the Harrisburg
> Bureau of Police ("HBP") was dispatched to
> 1535 Hunter Street, Harrisburg, Pennsylvania where
> he met Parole Agents Mary Persing, Peter Hans,
> Joe Mullen and David Harris.  The parole agents had
> been at that location searching for Latsha Ross, a
> parolee wanted for parole violations.  Ms. Ross was
> not found but, heroin was found and seized which is
> the reason Officer Antoni was dispatched for
> assistance.  The roommate/ex-girlfriend of Ms. Ross

---

\* Former Justice specially assigned to the Superior Court.

[1] 35 Pa.C.S.A. § 780-113(a)(30) & (32), respectively.

said the heroin found in the house was located where she had been sitting before leaving the residence. The roommate provided a description of Ms. Ross and indicated that she may possibly be at Queenies Bar on the 1500 block of Swatara Street, Harrisburg. Officer Antoni and a parole agent spoke to Ross on the phone; however, she refused to return to the residence and stated she would not cooperate with them any longer.

Officer Antoni and the parole agents proceeded to Queenies in an attempt to find Ms. Ross. Parole Agent [Mullen] spotted a female matching Ms. Ross' description at South 14th and Swatara Streets, which location was visible from Queenies [B]ar. As they pursued the female they believed to be Ms. Ross, Parole Agent [Mullen] saw her run into a house at 332 South 14th Street. Officer Antoni and the agents arrived at the house, covered the back and front doors but[] no one ran out of the residence. Individuals on the porch of 332 South 14th Street told Officer Antoni that the person described ran into the house and up to the second floor.

Antoni and the agents entered the open front door of the residence. The house was divided into three apartments on three separate floors with a common hallway for each. They proceeded to the second floor apartment and knocked on the door. The door was opened by a female later identified as Riquita Wilson who gave consent to Antoni and the parole agents to enter the apartment. Ms. Wilson was told that the officer and agents were searching for a wanted parolee who was reported to have run into the residence. Ms. Wilson gave consent to search the apartment. [The] team entered the apartment without guns drawn. When Antoni and the others swept the apartment, they discovered Appellant in a bedroom laying [sic] on the bed surrounded by what appeared to be crack cocaine on a digital scale, some crack cocaine that had been

weighed, portioned and bagged, and a large amount of money.[2]

[Appellant] called Cinnamon Brown ("Ms. Brown") as a witness during the suppression hearing. Ms. Brown was present in the second floor apartment when Officer Antoni arrived. She testified that while cooking in the kitchen, she heard running in the hallway outside the apartment then banging on the door. Ms. Brown woke Ms. Wilson who had been sleeping on a couch near the door and told her to answer the door. When Ms. Wilson got up, they heard a voice announce Harrisburg Police. Ms. Brown stated that as Ms. Wilson got to the door, it was pushed open without anyone asking her if they could enter; however, she also said the door was not broken in[,] so[] Ms. Wilson might have opened the door. Ms. Brown described being scared when this occurred, so when Ms. Wilson went to the door she ran out the back door of the apartment and proceeded down the stairs where she was stopped by additional police officers. Ms. Brown also said that she saw Antoni and the agents enter with guns drawn as she "left out."

Trial court opinion, 8/13/15 at 2-4 (citations omitted). The trial court also provided the following procedural history:

Appellant, Tiamak Taylor was arrested and charged with a single count each of Possession with Intent to Distribute a Controlled Substance, and Unlawful Possession of Drug Paraphernalia. An Omnibus Pre-Trial Motion to Suppress was filed on November 14, 2014 and a hearing [was held on February 5, 2015]. At the conclusion of the suppression hearing, [the suppression court] denied Taylor's motion and the matter was set for trial. Following a stipulated waiver trial on March 10, 2015, Appellant was found guilty at both counts. Sentencing took place directly after the trial during which [the trial court] imposed the following:

---

[2] Appellant apparently resided at this address.

Count 1--a term of incarceration of not less than 30 months nor more than 60 months, a fine of $500 and the payment of costs of prosecution;

Count 2--a term of incarceration of not less than 6 months nor more than 12 months concurrent with Count 1, and a fine of $100.

. . . .

On April 8, 2015, Taylor filed the instant appeal to the Pennsylvania Superior Court. In compliance with [the trial court's] order, he timely filed a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) raising a single issue for review. . . .

*Id.* at 1-2. Pursuant to Pa.R.A.P. 1925(a), the trial court has filed an opinion.

Appellant raises the following issue for our review:

Whether the trial court erred in denying Appellant's Motion to Suppress Evidence where law enforcement officers conducted a warrantless search of 332 S. 14th Street in Harrisburg, Pennsylvania, without the homeowner's consent, in violation of Article I, Section 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution?

Appellant's brief at 5.

Our standard of review for challenges to the denial of a suppression motion is as follows:

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are

- 4 -

> correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. McAdoo*, 46 A.3d 781, 783-784 (Pa.Super. 2012), quoting *Commonwealth v. Hoppert*, 39 A.3d 358, 361-362 (Pa.Super. 2012) (citations omitted).

Because appellant does not challenge the validity of Ms. Wilson's consent to search the apartment, rather he only challenges whether consent was given at all, appellant raises a purely factual issue on appeal. The Commonwealth presented testimony from Officer Antoni, who testified that Ms. Wilson gave permission to Officer Antoni and the parole agents to search the apartment. Ms. Brown testified on behalf of appellant, indicating that no such permission had been given, and that the parole agents and Officer Antoni entered the apartment with their guns drawn.

As noted in *Jones*, this court is bound by the factual findings of the suppression court so long as there is support for the suppression court's findings in the record. The suppression court stated, on the record, that it

found the Commonwealth's evidence to be more credible than the evidence presented by appellant.  Officer Antoni's testimony that Ms. Wilson granted the parole agents and Offer Antoni consent to search the apartment provides ample support within the record for the suppression court's factual determination.  We are bound to that determination, and therefore find that the suppression court did not err in denying appellant's motion to suppress evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015